IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Peter Cagle, | ) | |
| | ) | Case No. 10-20590 |
| Debtor. | ) | |
| | ) | |
| Peter Cagle, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 10-06221 |
| | ) | |
| Sallie Mae, Inc., | ) | |
| United Student Aid Funds, Inc., and | ) | |
| Educational Credit Management Corp., | ) | |
| | ) | |
| Defendant(s). | ) | |

## ANSWER OF ECMC

COMES NOW Educational Credit Management Corporation ("ECMC"), by and through its attorneys, N. Larry Bork of Goodell, Stratton, Edmonds & Palmer, L.L.P. and its answer to the Complaint, alleges and states as follows:

1. Any and all allegations contained in the Complaint which are not specifically admitted by this defendant are hereby denied.

2. As to paragraph 2 of the Complaint, ECMC admits that it is the holder of certain educational loans within the definition of 11 U.S.C. §523(a)(8), but is without sufficient information or knowledge to admit or deny the allegations as to the other defendants, however it does mention

that USAF and SallieMae have a relationship and SallieMae is the entity that assigned loans to ECMC, so it is likely that ECMC has all of the student loans at issue.

3. ECMC admits the allegations contained in paragraphs 3, 4 and 5 of the Complaint.

4. As to paragraph 6 of the Complaint, ECMC, based on information and belief is aware of a series of student loans incurred in 1992 through 1994 and again from 2001 through 2005 which have a total approximate current balance of $73,697.00. It is quite possible that with interest and possibly collection costs that the total obligation is the $94,000.00 referenced in this paragraph, or even more.

5. ECMC is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 7 and 8 of the Complaint and therefore denies same.

6. As to paragraph 9 of the Complaint, ECMC is in receipt of some documentation which supports that the plaintiff entered Cleveland Chiropractic College, however it is without sufficient information or knowledge to admit or deny the remaining allegations contained in said paragraph.

7. ECMC is without sufficient information or knowledge to admit or deny the allegations contained in paragraphs 10, 11, 12, 13 and 14 of the Complaint and therefore denies same. ECMC states that if in fact the plaintiff is totally and permanently disabled, then there is an administrative remedy available to Mr. Cagle which would render this adversary proceeding unnecessary and the failure to pursue such an administrative remedy would demonstrate a lack of good faith.

8. ECMC denies the allegations contained in paragraph 15 of the Complaint.

WHEREFORE, ECMC requests that the Complaint be dismissed as against it, that plaintiff take nothing by his Complaint, for its costs and expenses incurred herein and for any and all other relief which the Court deems just and equitable.

   /s/ N. Larry Bork
N. Larry Bork - #11810
GOODELL, STRATTON, EDMONDS
 & PALMER, L.L.P.
515 S. Kansas Avenue
Topeka, KS 66603
(785) 233-0593
Attorneys for ECMC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of November, 2010, a true and correct copy of the above and foregoing was filed electronically, using the CM/ECF or deposited in the United States mail, postage prepaid, addressed to:

Eric C. Rajala
11900 College Blvd.
Ste. 341
Overland Park, KS 66210-3939
Attorney for Plaintiff

United Student Aid Funds, Inc.
Corporation Service Company
200 SW 30th Street
Topeka, KS 66611

Sallie Mae, Inc.
The Corporation Company, Inc.
112 SW 7th Street
Suit 3C
Topeka, KS 66603

   /s/ N. Larry Bork
N. Larry Bork