**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 9th day of December, 2011.**



_____
Robert D. Berger
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **PETER LANGLEY CAGLE,** | **Case No. 10-20590** |
| **Debtor.** | **Chapter 7** |

**PETER LANGLEY CAGLE,**
    **Plaintiff,**

    v.         **Adv. No. 10-06221**

**EDUCATIONAL CREDIT MANAGEMENT CORP., et al.,**
    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS

Defendant Educational Credit Management Corp. (ECMC) moves to dismiss Debtor's declaratory judgment action seeking to discharge his student loans under §523(a)(8). Defendant's motion is denied because Congress has provided a statutory discharge in the Bankruptcy Code separate and distinct from the discharge provided by the Federal Family

11.12.08 Cagle v ECMC Dismiss.wpd

Education Loan Program (FFELP).[1]  The administrative discharge for permanent and total disability under 20 U.S.C. §1087(a) is not an exclusive remedy subject to the exhaustion doctrine when the Debtor chooses to seek relief under the Bankruptcy Code.

**Background**

Debtor owes ECMC approximately $94,000 for student loans associated with his undergraduate education dating from 1992.  Debtor's Complaint claims he suffers from "asthmatic bronchitis, severe sciatia [sic] and paresthesia of the legs, cervical osteoarthritis with bilateral radiculopathy, chronic fatigue syndrome/fibromyalgia, and renal colic from gout."  In 2007, Debtor claims his medical condition rendered him totally and permanently disabled.  Debtor does not work or earn income.  Debtor is married but without dependents.  He relies on his wife's income and Social Security for living expenses.  Debtor did not apply for an administrative discharge.

**Discussion**

A.   **Motion to Dismiss Standard**

In considering a motion to dismiss, the court accepts all well-pleaded factual allegations, as opposed to conclusory legal allegations, as true and construes them in the light most favorable to the plaintiff.[2]  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations to state a plausible claim to relief.[3]  The issue is not whether the

---

[1] 20 U.S.C. §1071 et seq.
[2] *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991).
[3] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.[4]

Debtor raises a Rule 12(b)(1) issue which pertains to subject matter jurisdiction and whether the matter is ripe for adjudication. The question depends on the fitness of the issues for judicial decision and the hardship to the parties by withholding court consideration. The first factor requires the controversy be definite and have an impact on the parties' legal relationship. It is meant to safeguard against judicial review of hypothetical or speculative circumstances. The second factor considers the potential hardships to the litigants caused by delaying consideration. ECMC did not move to dismiss under Rule 12(b)(1).

Under either Rule 12 subsection, ECMC's argument is Debtor may not seek a judicial discharge of his students loans until he exhausts available administrative remedies. The question is whether Debtor states a claim for a §523(a)(8) hardship discharge or if the matter is not yet ripe for adjudication until Debtor has pursued an administrative discharge.

### B. A Bankruptcy Undue Hardship Discharge Is Separate and Distinct from a FFELP Disability Discharge.

A FFELP discharge is an administrative matter, handled by the Department of Education (DOE), and is completely separate and distinct from a bankruptcy discharge based on §523(a)(8)'s undue hardship standard.[5] A student debtor could be entitled to a §523(a)(8) discharge without qualifying for a 34 C.F.R. 682.402(c) discharge and vice-versa.[6] FFELP and its implementing regulations explicitly provide for bankruptcy as an alternative ground for a

---

[4] *Id.*

[5] 20 U.S.C. §1087(a) and 34 C.F.R. §682.402(c); *Gregory v. U.S. Dep't of Educ. (In re Gregory),* 387 B.R. 182, 189 (Bankr. N.D. Ohio 2008).

[6] *Id.* (addressing a 34 C.F.R. 682.402(d) discharge based on the school closing).

student loan debt discharge.[7] Debtors who choose to pursue a FFELP discharge do not have a private right of action under 20 U.S.C. §1087 in bankruptcy, but there is no prohibition on seeking a §523(a)(8) discharge.[8]

The FFELP discharge applicable in this case requires the DOE to find the student loan debtor is totally and permanently disabled.[9] A student debtor's compliance with this regulation and his entitlement to an administrative discharge does not equate with the debtor's right to receive an educational loan discharge in bankruptcy.

Section §523(a)(8) provides for the discharge of a student loan debt if the debtor's continued repayment would result in an undue hardship on the debtor. To show undue hardship, the debtor must show (1) the debtor cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loans; (2) additional circumstances exist indicating the state of affairs is likely to persist for a significant portion of the repayment period; and (3) the debtor has made good faith efforts to repay the loans.[10]

A debtor's disability and his attempt (or lack thereof) to obtain an administrative discharge may be considered in an undue hardship analysis under §523(a)(8). The good faith requirement is sufficiently malleable to cover a wide array of conditions. For example, the bankruptcy court may determine the debtor lacks a good faith attempt to repay the loan when

---

[7] 20 U.S.C. §1087(b) and 34 C.F.R. 682.402(f).

[8] *Bega v. U.S. Dep't of Educ. (In re Bega),* 180 B.R. 642, 643 (Bankr. D. Kan. 1995); *Barton v. Educ. Credit Mgmt. Corp. (In re Barton),* 266 B.R. 922, 923 (Bankr. S.D. Ga. 2001).

[9] *In re Grove,* 323 B.R. 216, 221 (Bankr. N.D. Ohio 2005).

[10] *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987); *Educ. Credit Mgmt. Corp. v. Polleys*, 356 F.3d 1302 (10th Cir. 2004).

-4-

administrative remedies are available to him but are not pursued.[11]  Likewise, where a debtor requests an administrative discharge before filing bankruptcy, the court may require the debtor to complete, or exhaust, the administrative process before making a §523(a)(8) determination.[12]  On the other hand, a student loan debtor is free to resort to a discharge in bankruptcy under §523(a)(8) at any time.[13]

### C. Debtor Sufficiently States a Claim for an Undue Hardship Discharge Under §523(a)(8).

Viewing the facts in the light most favorable to Debtor, he sufficiently pleads each element of the *Brunner* test.  Debtor has not requested a disability discharge under 20 U.S.C. §1087(c).  Debtor states a claim for a §523(a)(8) discharge.  The controversy is definite and is not hypothetical or speculative.  As an alternative remedy contemplated by 20 U.S.C. §1087(b) and 34 C.F.R. 682.402(f), a §523(a)(8) discharge is not prohibited by Debtor's failure to pursue and exhaust the administrative remedy.

### Conclusion

IT IS ORDERED the Defendant's Motion to Dismiss the Complaint is DENIED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[11] *Scholl v. NSLP (In re Scholl),* 259 B.R. 345, 348-49 (Bankr. N.D. Iowa 2001); *Vermaas v. Student Loans of North Dakota (In re Vermaas),* 302 B.R. 650, 660 (Bankr. D. Neb. 2003).

[12] *Furrow v. U.S. Dep't of Educ. (In re Furrow),* 2005 WL 1397156 (Bankr. W.D. Mo. 2005).

[13] *Pitts v. USA Servicing Co. (In re Pitts),* 432 B.R. 866, 869 (Bankr. M.D. Fla. 2010);  *In re Barton,* 266 B.R. at 924.