The relief described hereinbelow is SO ORDERED.

SIGNED this 12th day of April, 2012.



Robert D. Berger
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | )<br>) |
| Peter Cagle, | )<br>) |
| Debtor. | ) Case No. 10-20590<br>)<br>) |
| Peter Cagle, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Adv. No. 10-06221<br>)<br>) |
| Sallie Mae, Inc.,<br>United Student Aid Funds, Inc., and<br>Educational Credit Management Corp., | )<br>)<br>)<br>) |
| Defendant(s). | )<br>) |

## AGREED JUDGMENT

As evidenced by their signatures below, the parties have reached an agreement as to the disposition of this adversary proceeding. The Court finds that Plaintiff has been found to be totally

disabled by the Social Security Administration for multiple conditions involving anxiety, depression, coronary, hypertension, back and obesity. Thereafter, the Plaintiff's disability application was ultimately approved. The Court thus finds that currently, at this time, excepting the subject student loan debts from the Plaintiff's/Debtor's discharge would impose an undue hardship on the Debtor and the Plaintiff's/Debtor's dependents.

It is therefore **ORDERED** that the student loan debts held by ECMC are conditionally discharged such that the Plaintiff shall no longer be liable to repay such debts, provided that at anytime between now and March 31, 2015: (a) Plaintiff does not have annual employment earnings that exceed the Poverty Guideline amount for a family of two in his state (regardless of his actual family size) and if he does have earnings that exceed the Poverty Guideline, he is to promptly notify ECMC in writing; (b) upon request from ECMC, Plaintiff shall provide ECMC documentation of his annual earnings from employment; (c) Plaintiff is not to apply for or receive any new student loans or grants and shall return any student loan disbursement received after today's date, within 120 days of receipt of such disbursement; and (d) Plaintiff is to notify ECMC in writing of any change in his address or telephone number.

It is further **ORDERED** that should the Plaintiff/ Debtor comply with the above-referenced conditions, then the ECMC student loan debts shall be deemed dischargeable and fully discharged pursuant to 11 U.S.C. § 523(a)(8) as of April 1, 2015, without further Order of this Court. However, should Plaintiff have annual employment earnings that exceed the Poverty Guideline amount for a family of two in his state (regardless of his actual family size), or should he fail to comply with any provision of this Order between now and March 31, 2015, then this bankruptcy proceeding shall be reopened no later than April 1, 2015, in accordance with 11 U.S.C. § 350(b) and Bankruptcy Rules 4007(a), (b) and 5010, and this adversary proceeding shall be reopened for the Court to reconsider

if excepting such debts from the discharge imposes an undue hardship upon the Plaintiff and the Plaintiff's dependents under 11 U.S.C. § 523(a)(8).

It is further **ORDERED** that all other relief not expressly granted herein is hereby denied.

IT IS SO ORDERED.

###

PREPARED AND APPROVED BY:

s/ N. Larry Bork
N. Larry Bork - #11810
GOODELL, STRATTON, EDMONDS
& PALMER, L.L.P.
515 S. Kansas Avenue
Topeka, KS 66603
785/233-0593
Attorneys for ECMC

APPROVED BY:

/s/ Eric C. Rajala
Eric C. Rajala    KS # 10082
11900 College Blvd.
Ste. 341
Overland Park, KS 66210-3939
Attorney for Plaintiff